
U.S. District Court
Wisconsin Eastern
AUG 27 20??
FILED
Clerk of Court

Michael T. Debraska, Nancy A. Dallas, Gladys D. Dallas,
Linda S. Dallas, Nadine A. Dallas, Margaret R. Fermanich,
Tkaaunak Green, Lisa M. Hill, Cathy L. Metoxen, Dorothy A. Skenandore
        Plaintiffs

vs.

ONEIDA BUSINESS COMMITTEE,
ONEIDA ELECTION BOARD, AND
ONEIDA TRIBE OF WISCONSIN
        Defendants

**COMPLAINT**

**CASE NO.** 20-C-1321

## PRELIMINARY STATEMENT

1. This action is brought on an emergency basis under Federal Rule of Civil Procedure___ and seeks to establish the fundamental principle that in a democracy there is no right more important than the right to vote.

2. The Oneida Nation of Wisconsin 2020 Primary Election, originally scheduled for Saturday, May 23, 2020, was canceled … allegedly due to the unprecedented and tragic nature of the CoVID-19 pandemic to allegedly minimize the threat to the health and safety of Oneida voters and election workers. The General Election is not being postponed or rescheduled by the Oneida Election Board, only the Oneida Nation of Wisconsin 2020 Primary Election.

3. Rather than allow Oneida Nation of Wisconsin voters to vote in person and through the drive through processes (as determined by the Oneida Election Board to be the best and safest ways to vote) on Saturday, May 23, 2020, the Oneida Election Board voted to cancel entirely the May 23, 2020 Oneida Nation of Wisconsin 2020 Primary Election, and began planning for the General Election instead.

4. Rather than allow Oneida Nation of Wisconsin voters to vote for all candidates deemed eligible to be a candidate in the Oneida Nation of Wisconsin Primary Election and General Election, per the Oneida Election Law, the Oneida Election Board voted to remove both the Board, Committee and Commission, along with its corresponding candidates, entirely from both the the May 23, 2020 Oneida Nation of Wisconsin 2020 Primary Election ballot and the General Election ballot.

5. This unprecedented and unwarranted move infringes the rights of Plaintiffs and all Oneida Nation of Wisconsin voters, of which there are estimated to be more than three thousand, as it is fundamentally denies them the right to choose our next candidates for the office of the Tribal Chairperson, Vice-Chairperson, Secretary, Treasurer, and five (5) At-Large Councilperson positions on the Oneida Business Committee of the Oneida Nation of Wisconsin.

6. Moreover, each of the Plaintiffs, save Debraska, Dallas, Dallas, Dallas, and Metoxen who were candidates, were running among more than 30 candidates representing the Oneida Nation of Wisconsin at the Oneida Nation of Wisconsin 2020 Primary Election, with great anticipation of having a place on the General Election ballot.

7. Moreover, Plaintiff Nancy A. Dallas, who was deemed an eligible candidate by the Oneida Election Board, was running among five (5) candidates to represent the Oneida Nation of Wisconsin as Tribal Chairperson, in the Oneida Nation of Wisconsin 2020 Primary Election, where the eligible Oneida voters choose the two candidates that would advance to the General Election to compete with one another for the Oneida Nation of Wisconsin Tribal Chairman position. Denying Plaintiff Dallas the opportunity to compete for one of the two slots on the General Election ballot when duly qualified under the Oneida Nation of Wisconsin Election Law is a denial of her fundamental rights, as well the more than three thousand eligible Oneida voters

who also had a right to vote for the candidate of their choice on May 23, 2020 and Plaintiff Dallas to possibly appear on the Oneida General Election ballot, and possibly win the Oneida Tribal Chairperson position.

8. Moreover, Plaintiffs Gladys D. Dallas, Linda S. Dallas, and Cathy L. Metoxen, who were deemed eligible candidates by the Oneida Election Board, were running among twenty-four (24) candidates to represent the Oneida Nation of Wisconsin as Tribal Councilpersons At-Large, in the Oneida Nation of Wisconsin 2020 Primary Election, where the eligible Oneida voters choose the fifteen (15) candidates that would advance to the General Election to compete with one another for the five (5) Oneida Nation of Wisconsin Tribal Councilpersons At-Large positions. Denying Plaintiffs Dallas, Dallas, and Metoxen the opportunity to compete for one of the fifteen (15) slots on the General Election ballot when duly qualified under the Oneida Nation of Wisconsin Election Law is a denial of their fundamental rights, as well the more than three thousand eligible Oneida voters who also had a right to vote for the candidate of their choice on May 23, 2020 and Plaintiffs Dallas, Dallas, and Metoxen to possibly appear on the Oneida General Election ballot, and possibly win the Oneida Tribal Councilpersons At-Large positions.

9. Plaintiffs therefore seek to recover actual and other damages as well as declaratory, injunctive and equitable relief, together with court fees and costs, so as to reinstate the Oneida Nation of Wisconsin Primary Election in a manner that is both safe to voters and election workers.

## **PARTIES**

10. Each of the Plaintiffs herein is a Citizen of the United States over the age of eighteen years.

Page **3** of **20**

Case 1:20-cv-01321-WCG   Filed 08/27/20   Page 3 of 20   Document 1

## PLAINTIFF MICHAEL T. DEBRASKA

11. Plaintiff Debraska is a natural person who resides at 2213 S. 36th Street, Milwaukee Wisconsin, 53215 in Milwaukee County, Wisconsin.

12. Plaintiff Debraska is an enrolled member of the Oneida Nation of Wisconsin.

13. Plaintiff Debraska is an Oneida Nation of Wisconsin voter.

14. Plaintiff Debraska is a candidate for the Oneida Legal Resource Center Advocate.

15. Attached hereto as **Exhibit A** is a signed affidavit from Debraska.

## PLAINTIFF NANCY A. DALLAS

16. Plaintiff Dallas is a natural person who resides at W1889 Polar Lane, Seymour, Wisconsin 54165, in Outagamie County, Wisconsin.

17. Plaintiff Dallas is an enrolled member of the Oneida Nation of Wisconsin.

18. Plaintiff Dallas is an Oneida Nation of Wisconsin voter.

19. Plaintiff Dallas is a candidate for Tribal Chairwoman of the Oneida Business Committee.

20. Attached hereto as **Exhibit B** is a signed affidavit from Dallas.

## PLAINTIFF GLADYS D. DALLAS

21. Plaintiff Dallas is a natural person who resides at W1386 Legacy Lane, Depere, Wisconsin, 54115, in Outagamie County, Wisconsin.

22. Plaintiff Dallas is an enrolled member of the Oneida Nation of Wisconsin.

23. Plaintiff Dallas is an Oneida Nation of Wisconsin voter.

24. Plaintiff Dallas is a candidate for Councilwoman of the Oneida Business Committee.

25. Attached hereto as **Exhibit C** is a signed affidavit from Dallas.

PLAINTIFF LINDA S. DALLAS

26. Plaintiff Dallas is a natural person who resides at 1901 Ridgeway Drive, #95, Depere, Wisconsin 54115, in Brown County, Wisconsin.

27. Dallas is an enrolled member of the Oneida Nation of Wisconsin.

28. Dallas is also an Oneida Nation of Wisconsin voter.

29. Dallas is a candidate for Councilwoman of the Oneida Business Committee.

30. Attached hereto as **Exhibit D** is a signed affidavit from Dallas.

PLAINTIFF NADINE A. DALLAS

31. Plaintiff Dallas is a natural person who resides at W1889 Poplar Lane, Seymour, Wisconsin 54165, in Outagamie County, Wisconsin.

32. Plaintiff Dallas is a tribal enrolled member of the Oneida Nation of Wisconsin.

33. Plaintiff Dallas is an Oneida Nation of Wisconsin voter.

34. Attached hereto as **Exhibit E** is a signed affidavit from Dallas.

PLAINTIFF MARGARET R. FERMANICH

35. Plaintiff Fermanich is a natural person who resides at 309 Cornelius Circle, Oneida, Wisconsin 54155, in Outagamie County, Wisconsin.

36. Plaintiff Fermanich is a tribal enrolled member of the Oneida Nation of Wisconsin.

37. Plaintiff Fermanich is an enrolled Oneida Nation of Wisconsin voter.

38. Attached hereto as **Exhibit F** is a signed affidavit from Fermanich.

PLAINTIFF TKAAUNAK GREEN

39. Plaintiff Green is a natural person who resides in 161 Riverdale Drive, Oneida, Wisconsin 54155, in Brown County, Wisconsin.

40. Green is an enrolled member of the Oneida Nation of Wisconsin.

41. Green is also an Oneida Nation of Wisconsin voter.

42. Attached hereto as **Exhibit G** is a signed affidavit from Green.

PLAINTIFF LISA M. HILL

43. Plaintiff Hill is a natural person who resides in 201 Riverdale Drive, Oneida, Wisconsin 54155, in Brown County, Wisconsin.

44. Hill is an enrolled member of the Oneida Nation of Wisconsin.

45. Hill is also an Oneida Nation of Wisconsin voter.

46. Attached hereto as **Exhibit H** is a signed affidavit from Hill.

PLAINTIFF CATHY L. METOXEN

47. Plaintiff Cathy L. Metoxen is a natural person who resides at W772 County Road EE, Depere, Wisconsin 54115, in Outagamie County, Wisconsin.

48. Plaintiff Metoxen is an enrolled member of the Oneida Nation of Wisconsin.

49. Plaintiff Metoxen is an Oneida Nation of Wisconsin voter.

50. Plaintiff Metoxen is a candidate for Councilwoman of the Oneida Business Committee.

51. Attached hereto as **Exhibit I** is a signed affidavit from Metoxen.

PLAINTIFF DOROTHY A. SKENANDORE

52. Plaintiff Skenandore is a natural person who resides at 4001 Valley Stream Circle, Oneida, Wisconsin 54155, in Outagamie County, Wisconsin.

53. Plaintiff Skenandore is a tribal enrolled member of the Oneida Nation of Wisconsin.

54. Plaintiff Skenandore is an enrolled Oneida Nation of Wisconsin voter.

55. Attached hereto as **Exhibit J** is a signed affidavit from Skenandore.

## DEFENDANTS

56. Defendant Oneida Business Committee is an elected committee of the Oneida Nation of Wisconsin.

57. The Oneida Business Committee has its principal place of business in the County of Outagamie, Wisconsin with an address of N7210 Seminary Road, Oneida, Wisconsin 54155, also with a United States Postal Service P.O. Box 365, Oneida, Wisconsin 54155.

58. The Oneida Election Board is an elected and appointed board of the Oneida Nation of Wisconsin.

59. The Oneida Election Board has its principal place of business in the County of Outagamie, Wisconsin with an address of N7210 Seminary Road, Oneida, Wisconsin 54155, also with a United States Postal Service P.O. Box 365, Oneida, Wisconsin 54155.

## JURISDICTION AND VENUE

60. Plaintiffs bring this action under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under color of state law of rights secured by the United States Constitution, and under Section 8 of the National Voter Registration Act of 1993, 52 U.S.C. § 20507

61. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the Constitution and laws of the United States, because Plaintiffs bring this action to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the Constitution of the United States and federal law, and because Plaintiffs bring this action to secure equitable relief under federal law providing for the protection of voting rights

62. This Court has personal jurisdiction over Defendant, who is sued only in his official capacity as an officer of the Oneida Nation of Wisconsin.

63. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Plaintiffs live on the Oneida Nation of Wisconsin; and a substantial part of the events that gave rise to Plaintiffs' claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

ABOUT THE COVID-19 PANDEMIC

64. The Coronavirus disease 2019 ("Covid-19 or the Coronavirus") has caused unimaginable tragedy and death. It is a serious disease cause by a virus that was first identified in Wuhan, Province, China in December 2019.

65. As of April 27, the Coronavirus has caused more than 211,000 deaths throughout the world, infecting more than 3,041,000 people throughout the world. Due to the novel nature of Covid-19, governments have been issuing "Stay-at-home" and

other orders so as to protect individuals from the spread of the disease.

66. Plaintiffs in no way by this action seek to undermine the health and safety of Oneida Nation of Wisconsin voters or election workers, but rather seek to uphold their fundamental rights under the Constitution of the Oneida Nation of Wisconsin and the Constitution of the United States of America.

ABOUT THE MAY 23, 2020 ONEIDA NATION OF WISCONSIN PRIMARY ELECTION

67. The Oneida Nation of Wisconsin Primary Election was originally scheduled for Saturday, May 23, 2020.

68. Plaintiffs Debraska, Dallas, Dallas, Dallas and Metoxen qualified to be a candidate for this election under the requirements of the Oneida Nation of Wisconsin Election Law, Michael T. Debraska for the Legal Resource Center Advocate, Nancy A. Dallas for

Page **8** of **20**

Case 1:20-cv-01321-WCG   Filed 08/27/20   Page 8 of 20   Document 1

Chairwoman, Gladys D. Dallas for Councilwoman At-Large, Linda S. Dallas for Councilwoman At-Large, and Cathy L. Metoxen for Councilwoman At-Large.

69. The Oneida Election Law rules are not complicated, basically, where applicable, allow for Oneida voters to advance candidates from the Primary Election ballot to the General Election ballot (originally scheduled for Saturday, July 4, 2020, but postponed to Saturday, July 25, 2020 allegedly due to CoVID-19 pandemic) if such candidates receive the first and second highest votes in the respective Oneida Business Committee Officer positions and the first fifteen highest votes for the Oneida Business Committee At-Large positions. Voters voting in the General Election then select the winners for the four Oneida Business Committee Officer positions and the five Oneida Business Committee At-Large positions.

70. None of the candidates were required to attend the mandatory caucus. Nor were they required to obtain the required number of signatures on the Petition in order to be candidates for the various board, committee and commission positions available and listed as being or becoming vacated.

71. The same applies to efforts made by campaigns for other boards, committees, and/or commissions and their pledged voters.

72. The May 23, 2020 Oneida Nation of Wisconsin Primary Election were canceled to allegedly protect the safety of voters and election workers during the pandemic

73. Malicious intent of the Oneida Business Committee in passing the resolution changes and the harm it has caused (self serving).

74. Chain of Custody broken with ballots with those utilizing drive thru service.

75. Milwaukee only had drive thru so it was total voter disenfranchisement and voter

suppression for those with no car(s).

76. Video recording was not working in Milwaukee, unlike Oneida.

77. Constitutional Violation – Indian Civil Rights Act – discrimination of elders and people with disabilities.

78. Legislation passed by Oneida Business Committee and Oneida Election Board is a conflict of interest because it is self-serving and malicious.

79. No separation of powers between the legislative branch and the executive branch – conflict of interest.

80. The Oneida Nation of Wisconsin Primary Election was originally scheduled for Saturday, May 23, 2020.

81. Plaintiffs Debraska, Wilbur, Dallas, GDallas, Dallas, and Metoxen qualified to be an candidate for this election under the requirements of the Oneida Election Law, Debraska for Oneida Legal Resource Office Advocate, and Wilbur for Tribal Chairman, Dallas for Tribal Chairwoman, GDallas for Council At-Large, LDallas for Council At-Large, and Metoxen for Council At-Large on the Oneida Business Committee.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**1st and 14th Amendments, U.S. Const. Amend I and XIV, 42 U.S.C. § 1983, 28 U.S.C. 2201, 2202**

**UNDUE BURDEN ON AND DENIAL OF THE RIGHT TO VOTE**

82. Plaintiffs incorporate and re-allege each allegation set forth in the preceding paragraphs of this Complaint.

83. Under the Fourteenth Amendment, "No State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV.

84. Defendant's May 19, 2020 decision to cancel the Oneida Nation of Wisconsin 2020 Primary Election violates Plaintiffs' equal protection of laws in that it arbitrarily denies them the rights they secured under the Oneida Nation of Wisconsin Election Law as qualified candidates. Equally, it denies them the right to cast their votes for duly qualified candidates.

85. Any law that purports to give Defendants the authority to cancel the election violates the Fourteenth Amendment.

86. The Defendants have neither a compelling interest, important interest, or even a legitimate interest for cancelling the May 23, 2020 Primary Election, especially because they allowed other Boards, Committees and Commissions to remain on the ballot, therefore invalidating their argument that the decision was made for health and safety reasons.

87. The Defendants have neither a compelling interest, important interest, or even a legitimate interest for cancelling the May 23, 2020 Primary Election, especially because they allowed the General Election to take place 63 days following the May 23, 2020 Primary Election date under the same or arguably worse CoVID-19 conditions and with the same methods of voting as they stated they would be utilizing for the Primary Election processes, therefore invalidating their argument that the decision was made for health and safety reasons.

88. Defendants state they canceled the primary due to COVID-19 and health and safety issues. Whereas the testimony of Oneida Election Board Interim Chairwoman Twylite

Moore in a live video recording on June 22, 2020 show that it was actually due to lack of training, ballots and PPE – actually it was a lack of proper pre-planning and preparation.

89. Defendants have failed to protect the voting rights of Plaintiffs and all other similarly situated candidates and Oneida Nation of Wisconsin voters.

90. The Defendant's decision to cancel the Oneida Nation of Wisconsin Primary Election subjected Plaintiffs to unequal treatment under the law, in violation of the Fourteenth Amendment to the United States Constitution, based on the arbitrary and capricious nature of their decision, and not based on any actual set of facts (i.e. if their decision was truly motivated by public health and safety, they would have canceled the General Election held under the same public health and safety circumstances).

91. The Defendant violated and will continue to violate the Fourteenth Amendment equal protection rights of Plaintiffs if the Oneida Nation of Wisconsin Primary Election is permanently cancelled.

92. Under the Anderson-Burdick balancing test, a court considering a challenge to a tribal election law must carefully balance the character and magnitude of injury to the First and Fourteenth Amendment rights that the Plaintiffs seek to vindicate against "'the precise interests put forward by the Tribe as justifications for the burden imposed by its rule,' taking into consideration 'the extent to which those interest make it necessary to burden the Plaintiff's rights.'" See Burdick v. Takushi, 504 U.S. 428, 434 (1992) (quoting Andersonv. Celebrezze, 460 U.S. 780, 789 (1983)).

93. Because of the CoVID-19 pandemic, it is reasonable to take precautions to allow for safe voting, but such decisions cannot arbitrarily pertain to some elections and not others.

Page **12** of **20**

Case 1:20-cv-01321-WCG    Filed 08/27/20    Page 12 of 20    Document 1

94. Defendants cannot provide any colorable justification as to why they cancelled the Oneida Nation of Wisconsin 2020 Primary Election and not the General Election under identical, if not worse, public health and safety circumstances. By doing so, Defendants created a dangerous precedent.

95. By allowing voters to vote in person or by drive through in Oneida, Wisconsin, and drive through only in Milwaukee, Wisconsin, for the General Elections under identical, if not worse, public health and safety circumstances that existed at the time the Defendant cancelled the Oneida Nation of Wisconsin 2020 Primary Election, it is not sufficient for Defendants to argue that cancelling the Primary Election entirely was justified.

96. It is clear Defendants action to cancel the Oneida Nation of Wisconsin 2020 Primary Election is an ill-conceived political decision, rather than a rational decision to protect voter and worker health and safety (especially given the Defendants required all eligible voters to come out to vote in the exact same manner for the General Election on Saturday, July 25, 2020, as they were planning on requiring them to vote for the Primary Election on Saturday, May 23, 2020, had the Oneida Election Board 1) properly planned and executed proper and timely training of their new Election Board Members that were appointed by the Defendant Oneida Business Committee, 2) properly planned for and obtained proper protective equipment, and 3) properly planned for, ordered, and obtained the ballots in a timely manner.

97. In summary, the challenged law (granting Defendants authority to act) and the challenged decision by Defendant to cancel the Oneida Nation of Wisconsin 2020 Primary Election, as applied to and during the extraordinary conditions of the COVID-19 pandemic, are unconstitutional infringements upon the voting rights of Plaintiffs, un-supported by a

state/tribal interest sufficient to justify the resulting burdens on the right to vote, and thus, these laws violate the First and Fourteenth Amendments.

## SECOND CAUSE OF ACTION

## 14th Amendments, U.S. Const. Amend XIV, 42 U.S.C. § 1983

## DENIAL OF PROCEDURAL DUE PROCESS

98. Plaintiffs incorporate and re-allege each allegation set forth in the preceding paragraphs of this Complaint.

99. The Due Process Clause of the Unites States Constitution prohibits the states from depriving "any person of … liberty … without due process of law." U.S. CONST. amend XIV, §1. Determining which protections are due in a given case requires a careful analysis of the importance of the rights and the other interests at stake. See Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976); Nozzi v. Hous. Auth. of City of L.A., 806 F.3d 1178, 1192 (9th Cir. 2015). Courts must first consider "the nature of the interest that will be affected" by the government's action as well as the "degree of potential deprivation that may be created" by existing procedures. Nozzi, 806 F. 3d at 1192–93. Second, "courts must consider the 'fairness and reliability' of the existing procedures and the 'probable value, if any, of additional procedural safeguards.'" Id. at 1193 (quoting Mathews, 424 U.S. at 343). Finally, courts must consider "the public interest, which 'includes the administrative burden and other societal costs that would be associated with' additional or substitute procedures. Id. (quoting Mathews, 424 U.S. at 347). Overall, "due process is flexible and calls for such procedural protections as the particular situation demands." Mathews, 424 U.S. at 334, (quotation and citation omitted).

100. Defendants action, maintaining some elections and canceling Plaintiffs, must comport with due process, which it does not.

101. "When an election process 'reache[s] the point of patent and fundamental unfairness,' there is a due process violation." Fla. State Conference of N.A.A.C.P. v. Browning, 522 F.3d 1153, 1183 (11th Cir. 2008) (quoting Roe v. Alabama, 43 F.3d 574, 580 (11th Cir. 1995))

102. Cancelling Plaintiff's election, but allowing others to occur on the same day, it is clear Defendant's action is fundamentally unfair and unjust and illegal. The nature of the interest at stake in this case, namely the right to vote and to have that vote count, is the most sacred liberty interest of all because it preserves all other basic civil, human, economic and political rights.

103. But the challenged law enabling the Defendants to act (Oneida Nation of Wisconsin Election Law) and the challenged decision of the Defendant's on April 27, 2020 threaten to deprive Plaintiffs and all Oneida voters of this right. Considering the tragedy and risk presented by the novel Corornavirus, Defendants must take caution, as they nonetheless have by allowing voters to cast their ballots in the July 25, 2020 election both in person and by way of drive-thru voting, but the challenged law and action by Defendant, as applied under the extraordinary conditions of the COVID-19 pandemic, are entirely inadequate in all other respects in that they cancelled Plaintiff's election but not others, and allowing the General Election to continue and coincide with other Board, Committee and Commission elections scheduled for the same would protect voters' and Plaintiff's rights with minimal burden to the Oneida Nation, the challenged laws violate Plaintiff's procedural due process rights.

# THIRD CAUSE OF ACTION

# ONEIDA NATION OF WISCONSIN DUE PROCESS, RIGHT TO VOTE, DENIAL OF PROCEDURAL DUE PROCESS

## Oneida Nation of Wisconsin, Constitution and By-Laws

104. Plaintiffs incorporate and re-allege each allegation set forth in the preceding paragraphs of this Complaint.

105. The challenged law and the action by Defendants violate Plaintiffs rights under the Oneida Nation of Wisconsin Constitution.

106. Defendants' actions violate Plaintiffs' right to vote, and provide no justifiable reason to allow the election for certain representatives in government (Oneida Business Committee Chairperson, Vice-Chairperson, Secretary, Treasurer, Councilperson At-Large, Judiciary –Trial Court Chief Judge, Judiciary – Trial Court Judge, Judiciary – Court of Appeals Chief Judge, Judiciary – Court of Appeals Judge, Legal Resource Center Attorney, Legal Resource Center Advocate, Trust & Enrollment Committee, Gaming Commission, Election Board, and Land Commission) and not others, arguably equally as important (Land Claims Commission and Oneida Nation Commission On Aging).

107. Defendants' actions are arbitrary and whimsical and provide no justification or valid reason.

108. Moreover, Defendants have violated Plaintiff's due process rights under the Oneida Nation of Wisconsin Constitution, as amended.

## FOURTH CAUSE OF ACTION

## Declaratory Judgment

## 28 U.S.C §§ 2201, 2202

## Lacking Authority for Defendants to Act

109. Plaintiffs incorporate and re-allege each allegation set forth in the preceding paragraphs of this complaint.

110. Defendants' actions deny Plaintiffs their most basic and important right as Americans: participating in democratic elections.

111. Defendants' actions deny Plaintiffs their most basic and important right as legally qualifying members of the Oneida Nation of Wisconsin: participating in democratic elections.

112. Defendants' actions defy logic and valid reason as it allows certain elections to continue, while canceling Plaintiffs election, which is fundamentally unjust.

113. Plaintiffs therefore seek a declaration from this Court that Defendants not only do not have the authority to maliciously and willfully create and implement legislation that allows Defendant Oneida Election Board to cancel the Oneida Nation of Wisconsin 2020 Primary Election for Saturday, May 23, 2020 given the extraordinary circumstances, but have a duty to maintain the elections to simultaneously protect both the right to vote for Plaintiffs and the right for Plaintiffs to appear as candidates on the Oneida Nation of Wisconsin Primary Election ballot and the Oneida Nation of Wisconsin General Election ballots where appropriate.

114. Plaintiffs request this extraordinary remedy for the Oneida Nation of Wisconsin Primary Election ballot and the Oneida Nation of Wisconsin General Election, considering the

unprecedented emergency caused by COVID-19 pandemic and how it is being dealt with for elections occurring on the same date, that Plaintiffs rights, the unequivocal right to vote, the right for due process and equal protection under the law, must be enforced and upheld in an indiscriminatory and non-arbitrary manner.

## **REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiffs and pray that this Honorable Court grant the following relief:

a. That the Court determine that this action may be maintained under Rule ___ of the Federal Rules of Civil Procedure;

b. On Plaintiffs' first cause of action for violations of the 1st and 14th Amendments of the U.S. Constitution, actual and statutory damages, whichever is greater, as the Court deems appropriate in an amount to be determined at trial;

c. On Plaintiffs' second cause of action for denial of Plaintiffs' right to procedural due process under the 14th Amendment of the U.S. Constitution, actual and statutory damages, whichever is greater, as the Court deems appropriate in an amount to be determined at trial;

d. On Plaintiffs' third cause of action for denial of Plaintiffs' right to procedural due process and right to vote under the Oneida Nation of Wisconsin Constitution and By-Laws, actual and statutory damages, whichever is greater, as the Court deems appropriate in an amount to be determined at trial;

e. On Plaintiffs' first through fourth causes of action, an order enjoining Defendants from canceling the Oneida Nation of Wisconsin Primary Election scheduled for Saturday, May 23, 2020 and reinstating the same;

f. The Court order a stay on the Declaration of the Oneida Nation of Wisconsin 2020 Tri-Annual General Election results;

g. The Court order a stay on the destruction of any and all Oneida Nation of Wisconsin 2020 Tri-Annual General Election ballots;

h. An entire new General Election including a primary to be held and properly noticed to the Oneida General Tribal Council;

i. An outside third-party contractor to conduct and oversee the newly authorized elections (i.e. League of Women Voters and/or National Guard);

j. Oneida Business Committee no longer be paid after August 15, 2020 and ordered through the Oneida Finance Department since they would be in violation of being paid for not working and committing payroll fraud since they are no longer the elected officials of the Oneida Nation of Wisconsin and (as) their terms have officially ended effective August 15, 2020 and any decisions they make after August 15, 2020 be made null and void since they would be acting outside the scope of their authority and no longer be the proper elected officials of the Nation;

k. The Court order that no funding for any attorney(s) shall be paid from the coffers of the Oneida Nation of Wisconsin;

l. Order that the Defendants shall be personally responsible to reimburse the Oneida Nation of Wisconsin any and all expenses related to or associated with the inappropriate General Election held in both Oneida, Wisconsin, and Milwaukee, Wisconsin, on Saturday, July 25, 2020;

m. Monetary Compensation in the amount of $10,000,000.00 (one million dollars per plaintiff) for direct and indirect harm and loss of potential income, and suffering;

n.  Costs for this action;

o.  Other such remedies as the Court may deem necessary and appropriate to bring this case to a timely conclusion; and

p.  That the Court use its inherent powers to grant such other and further relief as it deems just and proper at law and in equity to vindicate the claims brought forth in this action by Plaintiffs;

Dated August 27, 2020

*[signature]*

Linda S. Dallas