

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. District Court
Wisconsin Eastern

AUG 27 2020

FILED
Clerk of Court

MICHAEL T. DEBRASKA, NANCY A. DALLAS, GLADYS D. DALLAS,
LINDA S. DALLAS, NADINE A. DALLAS, MARGARET R. FERMANICH,
TKAAUNAK GREEN, LISA M. HILL, CATHY L. METOXEN, AND
DOROTHY A. SKENANDORE
     Plaintiffs

**EXPEDITED TREATMENT
REQUESTED**

**PLAINTIFFS' EMERGENCY MOTION
FOR TEMPORARY RESTRAINING
ORDER AND PROPOSED ORDER AND
MEMORANDUM IN SUPPORT**

**TELEPHONIC CONFERENCE
REQUESTED**

vs.

**CASE NO. ▆▆▆▆▆▆▆**

20-C-1321

ONEIDA BUSINESS COMMITTEE,
ONEIDA ELECTION BOARD, AND
ONEIDA TRIBE OF WISCONSIN
     Defendants

---

Plaintiffs, through their counsel, respectfully move this Court, pursuant to Fed. R. Civ. P.

65 and for the reasons contained in the Memorandum of Law being submitted herewith, for an

emergency temporary restraining order to prevent Oneida Tribe of Wisconsin via the Oneida

Election Board and Oneida Business Committee from taking their offices as of 27 Aug 2020 at

5:00 p.m. Defendant will be provided actual notice of this motion.

WHEREFORE, Plaintiffs respectfully request that this Court issue an emergency temporary

restraining order mandating that:

(1) The ballots from the Oneida Nation of Wisconsin 2020 General Election, including but not limited to, regular, spoiled, voided and rejected ballots, shall remained sealed, secured, and not destroyed, until this matter is concluded; and

(2) Defendant, Oneida Election Board, shall not forward the Final Report for the Oneida Nation of Wisconsin 2020 General Electionheld on Saturday, July 25, 2002, to the Defendant Oneida Business Committee Tribal Secretary's Office, as referenced in the Oneida Nation of Wisconsin Election Law,until this matter is concluded; and

(3) Defendant, Oneida Business Committee, shall not declare the official results of the Oneida Nation of Wisconsin 2020 General Election held on Saturday, July 25, 2002, until this matter is concluded; and

(4) The swearing in of any allege winners of the 2020 Oneida Nation of Wisconsin General Election held on Saturday, July 25, 2020, shall be restrained or stayed until this matter is concluded; and

(5) Funding for any legal representation on behalf of the Defendants shall not be paid from any funding source(s) of the Oneida Nation of Wisconsin; and

(6) Defendant, Oneida Election Board, shall educate and inform Oneida voters about the timeline, process, time and location for voting in the upcoming election; and

(7) Enforcement of every eligible Oneida voters right to vote; and

(8) Proper protective equipment, supplies, etc. for voters and election workers shall be provided at all polling sites; and

(9) Oneida Enrollments be present at the polling sites to establish proof of enrollment and eligibility

(10) Voting identification be provided at the polling sites in a manner consistent with how Oneida Enrollments verifies individuals when they check-in and check-out for the Oneida Nation's General Tribal Council Meetings; and

(11) Enforcement of all applicable laws that provide for the greatest level of voter participation in the voting processes (i.e. elders, disabled, low income, individuals with no vehicle to get to the voting polls and/or to participate in the drive-thru, heat/air condition to tolerate the weather conditions; and

(12) The Oneida Transit be operational starting an hour before the polls open, throughout the time the voting polls are open, and ends when all voters are finish voting and have an opportunity to be transported home or a safe location within a distance determined by the Oneida General Tribal Council; and

(13) Development and implementation of laws that address lengthy waiting times for each method of voting; and

(14) Cease and desist of the following Oneida Business Committee emergency amendments:

    a. BC Resolution # 04-08-20-B Placing Listed Boards, Committees and Commissions in Temporary Closure Status; and

    b. BC Resolution # 05-13-20-H Adoption of Emergency Amendments to the Election Law (Cancellation of Primary Elections)

(15) Oneida Election Board to add put the Boards, Committees and Commissions they deleted from the General Election Ballot (i.e. Oneida Nation Commission On Aging, Oneida Land Claims Commission) and all of the corresponding candidates that were

deemed eligible candidates at the onset of the Oneida Nation of Wisconsin's 2020 Tri-Annual General back onto the General Election ballot; and

(16) Oneida Election Board provide accurate and complete ballots for both the primary and general election; and

(17) The Oneida Business Committee take action to remove all individuals with a real and/or conflict of interest from any involvement in the primary and/or general election processes (i.e. election board - regular and alternate members, enrollment personnel, police officers, technical assistance providers for computers, setup, etc.; and

(18) Fair and equal access to the polling sites and methods to vote for all eligible voters; and

(19) A proper and timely primary election to be conducted within forty-five (45) calendar days of the decision or order being made that affords all eligible Oneida Business Committee candidates that were listed on the Oneida Nation of Wisconsin 2020 General Ballot a fair and equal opportunity to win a place on the General Election Ballot ; and

(20) A proper, fair, equal, and timely General Election with an election ballot reflecting the final results of the aforementioned Primary Election; and

(21) The Oneida membership be properly noticed of both the Primary Election and subsequent General Election, to include but not limited to, a minimum of a 30 calendar day notice of the type of election, correct date, time and location of the polling sites; and

(22) Mail-In ballots be mailed to all eligible Oneida voters; and

(23) An outside third-party contracted to conduct and oversee the newly authorized primary and general elections (i.e League of Women Voters and/or National Guard) from the beginning of the process through the end of the process; and

(24) No break in the Chain of Custody of the ballot from the voter to the ballot box when in-person and/or drive-through voting is utilized; and

(25) Properly functioning video and audio recording of the entire election process; and

(26) Separation of Powers between the legislative branch of the Oneida Nation of Wisconsin- known as the Oneida Legislative Operating Committee, the executive branch of the Oneida Nation of Wisconsin – known as the Oneida Business Committee, the election branch of the Oneida Nation of Wisconsin – known as the Oneida Election Board, the judicial branch of the Oneida Nation – known as the Oneida Judiciary; and all elements (both real and perceived) that create conflicts of interest and/or impropriety for each and every entity; and

(27) Defendants provide mechanisms that afford the Oneida General Tribal Council (GTC), the supreme governing body of the Oneida Nation of Wisconsin pursuant to the Oneida Constitution and By-Laws, forms of remedy and redress when the Oneida Nation of Wisconsin faces major crisis' similar or equivalent those presented by the COVID-19 health and safety pandemic; and

(28) Oneida Election Law appeal time frames be adjusted to afford petitioning parties a reasonable, fair and consistent opportunity to exercise and receive due process.

## MEMORANDUM OF LAW

### I.     INTRODUCTION

The spread of COVID-19 has altered our patterns of life, including the conduct of the Oneida Nation of Wisconsin's primary and general elections. But this public health crisis must not also become a crisis for our democracy. Oneida's plans for conducting not conducting a primary election on Saturday, May 23, 2020 - over admonitions from the Oneida Business Committee and Oneida Election Board officials that the required steps cannot be completed by that date - disenfranchised thousands of Oneida voters, in violation of statutory and constitutional requirements protecting the fundamental right to vote and to participate as a candidate in the primary and general elections of the Oneida Nation of Wisconsin. These include the requirement that eligible persons may register to vote at least 30 days before the election, pursuant to Section 8 of the National Voter Registration Act of 19913 ("NVRA"), 52 U.S.C. § 20507 (a)(1), and that they have sufficient opportunity to cast a ballot in the election, as as guaranteed by the First and Fourteenth Amendments to the United States Constitution. Emergency relief to protect these rights is imperative.

On May 17, 2020, the Oneida Business Committee took action to amend the Oneida Election Law in a way that provided the Oneida Election Board the ability to cancel a primary. This action was allegedly taken for health and safety reasons due to COVID-19.  On May 19, 2020, the Oneida Election Board took action to cancel the Oneida Nation of Wisconsin 2020 Primary Election. This action was allegedly taken for health and safety reasons due to COVID-19.  On June 22, 2020, Oneida Election Board Interim Chairwoman Twylite Moore stated the following via live video recording that the Oneida Nation of Wisconsin 2020 Primary Election

was canceled due to 1) the Oneida Election Board not being able to train the newly appointed alternates before the properly noticed May 23, 2020 date of the Oneida Nation of Wisconsin 2020 Primary Election; 2) they did not have the ballots yet on May 19, 2020 when they canceled the primary election; and 3) they did not have the personal protective equipment they wanted for the voters and election workers for the Oneida Nation of Wisconsin 2020 Primary Election to be held on Saturday, May 23, 2020 as noticed to the Oneida Nation of Wisconsin membership.

The Oneida Business Committee acted outside its scope of authority when it took action to amend the Oneida Election Law in ways that improperly afforded them additional unfair advantages over the candidates that were competing for their positions as the Oneida Nation of Wisconsin Chairman, Vice-Chairman, Secretary, Treasurer, and the five At-Large Councilperson positions on the Oneida Business Committee. To conduct a proper and timely primary increased the risk of the currently seated Oneida Business Committee Members being eliminated from the voting process during the Primary Election and/or in the General Election as the Oneida voters could have voted the incumbents right off the General Election ballot or they could have unseated the incumbents in the face off of the two candidates for each officer position and the face off of the fifteen candidates for the five At-Large Councilperson positions. The incumbents have an unfair advantage with the primary. They have an additional advantage when there is no primary. It is for these exact reasons that the Oneida General Tribal Council took formal action during a duly called Oneida General Tribal Council Meeting to incorporate a mandated Primary Election into the Oneida Election Law, pursuant to Article III, Section 5. Of the Oneida Constitution and By-Laws of the Oneida Nation of Wisconsin. The intent was to provide every eligible Oneida enrolled tribal member a fair and equitable opportunity to fun for the Oneida Business Committee and win any one of the nine positions on the Oneida Business Committee

by running for office in the primary, gaining enough votes to advance to the General Election and hopefully securing enough votes to win one of the position they competed in a fair, consistent and equitable manner. Canceling the Primary Election scheduled for Saturday, May 23, 2020, stripped every candidate (excluding the incumbents) of this opportunity. All other inappropriate actions taken and/or that occurred on Saturday, July 25, 2020, during the General Election, as stated herein, created hardship and burdens that rendered it impossible for eligible Oneida voters to vote.

There are straightforward solutions to the threat of disenfranchisement created by the Oneida Business Committee and Oneida Election Board, solutions that have been implemented by other states: conduct the primary election properly and in a timely manner, send absentee ballots to all eligible voters, allow them to register to vote up until the time required by federal law, schedule the election for a date that allows election officials to educate the public and conduct the election in an orderly and safe manner, and allow fair, consistent and equitable methods and options to vote for all Oneida voters (i.e. in-person voting, drive-thru voting, and absentee vote by mail voting), afford the Oneida voters the means to get to the polls to vote (i.e. allow the Oneida Transit System to run the day of the election, provide bus passes, organize a ride-to-the-polls, etc.), set the date for the primary for a date and time when the election workers will be properly trained, the ballots will be accurate, complete and available, and proper protective equipment is available for the voters and election workers, the video and audio equipment is properly installed and functional throughout the election process, establish a process where the chain of custody of the ballots is not broken, set up enrollment verification at the polling sites, establish polling sites where there are the largest numbers of eligible Oneida voters, etc. These are the forms of relief Plaintiffs seek.

## II.    STATEMENT OF FACTS

**COVID-19 Impact on Oneida Nation of Wisconsin Primary Election**

In the BRIEF IN SUPPORT OF MOTION TO DISMISS, dated August 4, 2020, written to the Oneida Judiciary by Oneida Law office Attorney Kelly M. McAndrews for the Oneida Business Committee and Oneida Law Office Attorney Peggy Schneider on behalf of the Oneida Election Board for the matter of Linda S. Dallas, Cathy L. Metoxen and Margaret R. Fermanich v. Oneida Business Committee and Oneida Election Board, the Defendants, Case No.: 20-CV-010, Defendants stated:

On March 11, 2020, the World Health Organization (WHO) declared COVID-19 a Public Health Emergency of International Pandemic. Relatedly, on March 12, 2020 the state of Wisconsin and the Oneida Nation declared their own Public Health State of Emergencies. *See* Oneida Nation Declaration of Public Health State of Emergency ("Declaration"), March 12, 2020 (Exhibit A). The Nation's Declaration was intended to address this threat to the public health, safety, and the well-being of the Oneida Nation community members and employees and to slow transmission and decrease the spread of COVID-19. Id. As a result of the Declaration, the Nation's fund units were directed to coordinate the use of Tribal resources with and follow the recommendations of the Nation's Public Health Officer in order to respond to and recover from the COVID-19 outbreak. Id. See also Oneida Nation Code of Laws, Title 3. Health and Public Safety - Ch. 302 Emergency Management and Homeland Security law. By way of background, the Nation's Public Health Officer is broadly designated the authority and responsibilities for public health preparedness. Id. The Public Health Officer's duties and responsibilities are not the subject of this action; however, these background facts are necessary to provide context to the unprecedented and emergency circumstances the Nation has faced and been forced to respond to.

The Public Health Officer is a non-political quasijudicial official with the broad authority to "require restrictions or take other communicable disease control measures" to limit the spread of any communicable disease and "act as necessary to protect the public". §302.7. Since COVID-19 is a communicable disease the Public Health Office has informed the Business Committee and the Nation's Boards, Committees, and Commissions of public health measures necessary to keep the Oneida Community as safe as possible throughout the COVID-19 pandemic.

The Public Health Officer, in conjunction with her responsibilities and in collaboration with other health professionals, has also provided operational guidance to the Nation's officials as the have confronted difficult health and safety questions presented by COVID-19. At the April 22, 2020 regular Business Committee Meeting, the Public Health Officer and other health officials of the Oneida Nation provided a Professional Assessment Duration of COVID-19 Outbreak. See Exhibit B. This professional Assessment was a memorandum from the COVID Project Team recommending the cancellation of large gatherings, such as in-person voting. The Professional Assessment recommended the cancellation of "large gatherings events in the next 3 to 6 months such as conferences, meetings, in person elections and trainings." Id.

Even prior to the full effect of the pandemic becoming realized, the Election Board was already facing a difficult situation. By early March 2020, the Board members recognized that most regular Election Board members would be required to recuse themselves and no one was applying to be alternates. *See* March 4, 2020 Election Board Minutes, Exhibit C. Additionally, with specific information regarding COVID-19 known, including its easy transmissibility, community spread, and the potential for severe health impacts, the Election Board was in an untenable situation. For example: https://wwwcdc.gov/coronavirus/2019-ncov/downloads/Mass-Gatherings-Document_FINAL.pdf (04/05/2020)(Older adults and persons with severe

Case 1:20-cv-01321-WCG    Filed 08/27/20    Page 10 of 30    Document 2

underlying health conditions [ ] are considered to be at increased risk of more serious illness after contracting COVID-19. Priority should be given to ensuring the safety of these groups of people, particularly for any mass gatherings that are expected to have a large number of adults or person with underlying conditions.") Not only were mass gatherings contrary to the public health recommendations, but volunteers would knowingly be placing themselves in a position where they may be exposed to COVID-19 and become ill (possibly seriously). On March 13, 2020, the day after the Nation issued its Declaration, the Business Committee and Election Board meet to discuss the Election Board's concerns regarding COVID-19 and the election timeline. Alternative scenarios for conducting the election had to be explored. *See* March 13, 2020 Business Committee and Election Board Minutes, Exhibit D.

After the Nation issued the Declaration, the pandemic (and response measures) continued to rapidly evolve. Like most governments and businesses, the Nation began to urge its citizens to stay home (and use other safe hygiene practices) and emergency measures were taking an effort to slow the spread of COVID-19. *For example* April 1, 2020 joint press statement of the Oneida Nation Health Department, DePere Health Department, and Brown County Health Human Services (urging "residents to stay at home unless it is absolutely necessary [and] to avoid contact with other people in the community") Exhibit E. To protect the Oneida Community from COVID-19 the Nation's emergency response was serious and widespread - for example, the Judiciary implemented emergency temporary measures (including restricting in-person hearings), the Public Health Officer discouraged unnecessary travel (see March 18, 2020 Notice to the Oneida Community, Exhibit F), schools closed, and even the Nation's gaming operations were closed. See *hhtps://Oneida-nsn.gov/blog/2020/03/16/Oneida-nation-program-closures-and-event-cancellations/* (a more comprehensive list of the Nation's closures and event

Case 1:20-cv-01321-WCG   Filed 08/27/20   Page 11 of 30   Document 2

cancelations). On March 24, 2020 the Nation's Safer at Home Order was issued. Exhibit G. This Order formalized the Nation's efforts to slow the spread of COVID-19 by defined essential activities, limiting non-essential activities, and encouraging individuals and employees to stay home when possible. Still, by April 2, 2020, the Nation had already experienced it's second known case of COVID-19. Exhibit H.

Oneida Nation had a concerning increase in COVID-19 cases in July 2020. On July 7, 2020 the Oneida Nation had 50 positive cases. By July 21, 2020 Oneida Nation had 71 positive cases with 16 individuals in active isolation. The rise in cases necessitated the Oneida Public Health Officer's July 22, 2020 Public Health Findings and Order (This Order broadly mandates face coverings and prohibits mass gatherings of a certain threshold), Exhibit I. Since the issuance of the Nation's first Declaration and Safer at Home Order, both been continually extended and are still in effect. *See* https://Oneida-nsn.gov/connect/news/oneida-nation-covid-19-resource-page/ (which contains the various extensions enacted). The most recent extension of the Nation's Declaration occurred on July 8, 2020 and it is currently in effect until August 11, 2020 ("[T]he Emergency Management Director and the Public Health Officer have advised extension of the emergency declaration supported by information from the Centers for Disease Control and the level of spread of COVID-19 throughout the State of Wisconsin, surrounding states, and the United States.") Exhibit J.

As a result of the pandemic and public health crisis facing the world, the Business Committee was forced to take several emergency legislative actions. Specific to the current claim, the Business Committee was forced to adopt emergency amendments to the Nation's Election Law. The Election Board requested and the Business Committee adopted amendments that preserved the July General Election, as required by the Oneida Constitution, while

minimizing contact between individuals that could unnecessarily spread COVID-19.

Specifically, emergency amendments to the Election Law did the following: eliminated the

caucus and signature requirements for candidates to get on the ballot; allowed the Election Board

to cancel the Primary Election when large gatherings would present a substantial risk to the

health and safety of the Nation's citizens; and allowed the election to take place at a larger

Oneida Nation facility, to allow the possibility of outdoor, drive-through voting. These changes

also allowed the Election Board time to determine the necessary safety protocols for a safe vote

and acquire the equipment needed to conduct the vote (masks, hand sanitizer, etc.)

Pursuant to the Oneida Constitution and By-Laws, Article II - Governing Body, Section

5., "The officials provided for in Section 3 of this Article shall be elected every three years in the

month of July on a date set by the General Tribal Council. The General Tribal Council shall

enact necessary rules and regulations governing the elections of tribal officials.

On January 20, 2020, the Oneida General Tribal Council took official action during the

Annual Oneida General Tribal Council Meeting to set the 2020 General Election date to be

Saturday, July 4, 2020. Shortly after, the Oneida Election Board took official action to set the

2020 General Election Caucus for Saturday, March 14, 2020.

On March 4, 2020, per Oneida Election Board Meeting Minutes, "*Motion by Melinda*

*Danforth to approve SEOTS building and Oneida Community Health Center as the polling sites*

*for the 2020 Primary and General Election and to have Chair or Designee reserve those places -*

*carried unanimously.*"

On March 4, 2020, per Oneida Election Board Meeting Minutes, "*Motion by Melinda*

*Danforth to approve up to six (6) Oneida Election Board members, one (1) officer from OPD,*

*and one (1) Enrollments employee to go to SEOTS for the 2020 Primary and General Election*

*and for Chair or Designee to send the agenda request to the Oneida Business Committee - carried unanimously."*

On March 4, 2020, per Oneida Election Board Meeting Minutes, *"Motion by Racquel Hill to have Chair or Designee to bring to the attention of the BC Liaisons the concerns and the possibility of not being able to hold an election due to the number of recusals, no one is applying to be alternates, can we rescheduled or what the alternatives may be to send by Friday, March 6, 2020 - carried unanimously."*

On or about March 11, 2020, the Oneida Business Committee adopted OBC Resolution # 03-11-20-B Boards, Committees, and Commission Law Emergency Amendments.

On or about March 12, 2020, Tehassi (Ronald) Hill, Jr. signed a "Declaration of Public Health State of Emergency" regarding COVID-19.

On March 13, 2020, per the Oneida Election Board and Oneida Business Committee Meeting Agenda/Minutes, the joint meeting started at 9:02 AM. The Oneida Business Committee and Oneida Business Committee collaborated until 9:30 AM, regarding cancellation of the 2020 Primary Election and changing the Oneida General Election date.

On March 13, 2020, per the Oneida Nation Notice Posted by Nate Wisneski, the Oneida Election Board took official action to postpone the 2020 General Election Caucus scheduled for March 14, 2020, in an effort to prevent the spread of COVID-19.

On March 16, 2020 (two days after the caucus was scheduled to occur), the Oneida Election Board met regarding the next steps for the 2020 General Election and the COVID-19 pandemic, per Memorandum dated March 19, 2020, RE: COVID-19 and 2020 General Election.

On March 17, 2020, the Oneida Election Board identified that conducting a caucus or requiring applicants to obtain 10 signatures through the petition process would unnecessarily

spread the virus by encouraging contact between individuals, but has expressed a strong desire to avoid moving the actual election dates.(14th WHEREAS in the BC Resolution 03-17-20-B)

On March 17, 2020, the Oneida Business Committee via BC Resolution 03-17-20-B, adopted emergency amendments to the Election Law to implement alternative processes to address COVID-19 pandemic impacts on the Oneida Nation 2020 General Election. The alternative processes eliminated the caucus process completely and eliminated the need for prospective candidates to petition to be placed on the ballot by way of filling out a petition form and obtaining no less than ten (10) signatures of qualified voters as defined by the Oneida Election Law at that point in time. BC Resolution 03-17-20-B mandated prospective candidates to apply to be placed on a ballot according to the process now identified in 102.6-1. of the amended Oneida Election Law.

On or about March 17, 2020, the Oneida Business Committee adopted OBC Resolution # 03-17-20-C Adoption of Emergency Amendments to the Boards, Committees, and Commission Law to Address COVID-19 Pandemic Impacts on Boards, Committees, and Commission of the Nation.

On or about March 17, 2020, the Oneida Business Committee adopted OBC Resolution # 03-17-20-D Amending Resolution BC-05-08-19 B Boards, Committees, and Commission Law Stipends.

On or about March 17, 2020, the Oneida Business Committee adopted OBC Resolution # 03-17-20-B Adoption of Emergency Amendments to Election Law to Implement Alternative Processes to Address COVID-19 Pandemic Impacts on the Oneida Nation 2020 General Election. The 14th WHEREAS of the amendment states, "*the Oneida Election Board has identified that conducting a caucus or requiring applicants to obtain 10 signatures through the*

*petition process would unnecessarily spread the virus by encouraging contact between individuals, but has expressed a strong desire to avoid moving the actual election dates.*" The 15th WHEREAS states, "*The Oneida Election Board is actively monitoring the public health crises and will notify membership as soon as possible should the election days be canceled, postponed or polling processes be amended to reduce the spread of the virus.*"

In a Memorandum dated March 19, 2020, Oneida Election Board Chairperson Vicki Cornelius stated the Oneida Election Board met on March 16, 2020, and determined that prospective candidates could pick up an Application for Elected Positions Forms starting Monday, March 23, 2020, and applications would be accepted Monday, April 20, 2020 through Friday, April 24, 2020, in the BC Support Office located on the first floor of the Norbert Hill Center, during the Nation's business hours.

In a Memorandum dated March 19, 2020, Oneida Election Board Chairperson Vicki Cornelius stated the Oneida Election Board met on March 16, 2020, and determined **tentatively** the 2020 General Election Primary will be rescheduled to May 23, 2020, and the 2020 General Election is rescheduled to Saturday, July 25, 2020.

In a Memorandum dated March 19, 2020, Oneida Election Board Chairperson Vicki Cornelius stated "According to the Election Law, 102.12-8. In the event of an emergency, the Election Board may reschedule the election, provided that no less than twenty-four (24) hours' notice of the rescheduled election date is given to voters, by posting notices in the prominent locations."

On or about March 19, 2020, COVID-19 Core Decision Making Team Declaration *Suspension of all Non-Emergent Expenses & Stipends and Activity by Certain Boards, Committees and Commissions*

On or about March 26, 2020, the Oneida Business Committee took action to extend the Public Health State of Emergency Declaration for an additional 30 days beginning April 12, 2020, and ending at 11:59 p.m. on May 12, 2020.

On or about April 8, 2020, the Oneida Business Committee adopted OBC Resolution # 04-08-20-B Placing Boards, Committees, and Commission in Temporary Closure Status.

Sometime between April 8, 2020 and June 30, 2020, the Oneida Election Board removed certain of boards, committees and commissions off the Oneida General Election Ballot for Saturday, July 25, 2020.

On April 8, 2020, the Oneida Business Committee via BC Resolution 04-08-20-B, directed that the following boards, committees, and commissions were placed on temporary closure for the remainder of Fiscal Year2020 and during any continuing resolution for Fiscal Year 2021.

1. Oneida Community Library Board;
2. Oneida Environmental Resources Board;
3. Oneida Nation Arts Board;
4. Oneida Nation Veterans Affairs Committee;
5. Oneida Personnel Commission;
6. Oneida Pow Wow Committee;
7. Pardon and Forgiveness Screening Committee;
8. Southeast Wisconsin Oneida Tribal Social Services Advisory Board;
9. Oneida Land Claims Commission; and
10. Oneida Nation Commission on Aging

NOTE: The Oneida Land Claims Commission and Oneida Nation Commission on Aging were originally on the 2020 General Election ballot.

The Oneida Nation of Wisconsin 2020 Election Board Members are posted on the Oneida Election Board's Facebook page. It identifies Tracy L. Smith as the Oneida Election Board Secretary, and Christina "Chrissy" Liggins as the Oneida Election Board Vice-Chairwoman.

On April 27, 2020, the Oneida Election Board took action to cancel the 2020 General Election Primary, allegedly due to the COVID-19 Public Health Emergency, by way of the following motion:

> *"Motion by Racquel Hill for Chair or Designee to submit a BC agenda request to have them make an amendment to the Election Law removing the Primary for the health and safety for all those involved and to start a dialogue with the Business Committee about July election plans and tentatively changing the date, seconded by Patricia Moore.*
>
> *Ayes:   Melinda K. Danforth, Racquel Hill, Lisa John, Christina Liggins, Shannon Metoxen, Patricia Moore, Tina Skenandore, Tracy Smith"*

The Oneida Election Board records show Tracy L. Smith, Oneida Election Board Secretary, and Christina "Chrissy" Liggins, Oneida Election Board Vice-Chairwoman, both participated in Election Board matters after they submitted their Election Applications to run for the Oneida Election Board on or about April 24, 2020.Therefore, the Oneida Election Board allowed Tracy and Chrissy to actively participate in Oneida Board matters after they submitted their Election Applications to run for the Oneida Election Board.

- The records show they were both candidates after April 24, 2020.
- The record shows they both voted on April 27, 2020, to cancel the 2020 General Election Primary, allegedly due to the COVID-19 Public Health Emergency.

- The records show they both remained on the Oneida Nation 2020 General Election Ballot as candidates to be elected to the Oneida Election Board.
- The Oneida Election Board, Smith and Liggins are all in violation of multiple tribal laws, policies, and procedures.

On or about May 6, 2020, the Oneida Business Committee took action to extend the Public Health State of Emergency Declaration for an additional 30 days beginning May 12, 2020 and ending at 11:59 p.m. on June 11, 2020.

On May 12, 2020, in a Memorandum dated May 12, 2020, written to the Legislative Operating, RE: Reconsideration of Election Law Amendments, Oneida Election Board Interim Chairwoman Shannon Metoxen requested the Legislative Operating Committee to reconsider the amendments submitted and either:

1. Remove the Primary from the law as was originally requested by the OEB; or
2. Provide the OEB the authority to cancel the primary.

**NOTE: The Oneida Legislative Operating Committee (OLOC) consists of five members. All five members are Oneida Business Committee Members. These five (OLOC) members create the laws and then send the laws they created to the Oneida Business Committee for approval. The same five OLOC members then switch their legislator hats and act in their executive capacity as Oneida Business Committee Members and approve the legislation they created.**

On or about May 13, 2020, the Oneida Business Committee adopted OBC Resolution # 05-13-20-H Adoption of Emergency Amendment to the Election Law.

- The 15th WHEREAS states *"the Oneida Election Board has requested emergency amendments to the Election law to address the impact of COVID-19 on the Nation."*

- The 16th WHEREAS states *"the proposed emergency amendments to the Law allow the Election Board to cancel the primary election when large gatherings of people present a substantial risk to the health and safety of the Nation's citizens."*

- The 17th WHEREAS states *"the proposed emergency amendments to the Law clarify that if a primary election is canceled then all eligible candidates shall be placed on the ballot for the General Election."*

- The 18th WHEREAS states *"the Legislative Procedures Act authorizes the Oneida Business Committee to enact legislation on an emergency basis, to be in effect for a period of six (6) months, renewable for an additional six (6) months."*

- The 19th WHEREAS states, *"emergency adoption of legislation is allowed when legislation is necessary for the immediate preservation of the public health, safety, or general welfare of the Reservation population, and the amendment of the legislation is required sooner than would be possible under the Legislative Procedures Act."*

- The 20th WHEREAS states, *"the emergency adoption of these amendments to the Law are necessary for the preservation of the public health, safety, and general welfare of the Reservation population to protect the Reservation population against the public health crisis that is the COVID-19 pandemic since the elimination of the requirement to hold a primary election while allowing those individuals who applied to be placed on the ballot for the General Election, as long as all eligibility requirements are met,*

*will eliminate any unnecessary contact between individuals which could spread*

*COVID-19; and BC Resolution 05-13-20-H Adoption of Emergency Amendments to*

*the Election Law.*"

- The 21st WHEREAS states, "*observance of the requirements under the Legislative*

  *Procedures Act for adoption of this amendment would be contrary to public interest*

  *since the primary election at is required to occur at least sixty (60) calendar days*

  *prior to the General Election, which is tentatively scheduled for July 25, 2020, and*

  *the process and requirements of the Legislative Procedures Act cannot be completed*

  *in time to ensure that the General Election could still occur on July 25, 2020, without*

  *violating the primary election procedures contained in the Election law.*"

On or about May 15, 2020, the Oneida Business Committee met to discuss the Oneida

Election Boards request "to make an amendment to the Election Law, temporarily removing

102.12-2 due to the Public Health Emergency" submitted by Shannon Metoxex, Election Board

Interim Chairwoman.

In a notice to Tribal Members, dated May 20, 2020, the Oneida Election Board stated the

following:

Dear Tribal Member,

We are providing this notice as an update on the status of the upcoming 2020 General

Election, which was anticipated to be held on Saturday, May 23, 2020. On May 19, 2020

the Oneida Election Board took action to cancel the 2020 Primary Election in accordance with the Election Law.

"102.12-2. Cancelation of a Primary Election. A primary election for Business Committee positions may be canceled in the following circumstances:

(a) The Election Board shall cancel the primary election if the Business Committee positions did not draw the requisite number of candidates for a primary.

(b) The Election Board may cancel the primary election when large gatherings of people present a substantial risk to the health and safety of the Nation's citizens.

(1) In the event the Election Board cancels the primary election, all candidates that are determined eligible according to section 102.5 and are not made ineligible under section 102.6-2 shall be placed on the ballot for the general election."

In addition to consulting with experts, the following documents assisted in our decision-making:

- "Professional Assessment Duration of COVID19 Outbreak" dated April 16, 2020
- Legal opinion regarding "Constitutional Meetings; Elections – COVID-19 Pandemic" date April 22, 2020
- BC Resolution #05-06-20-A Extension of Declaration of Public Health State of Emergency until June 11, 2020.

The Election Board is continuing to monitor the situation and are discussing options to protect the health and safety of the membership for the 2020 General Election.

The General Election is tentatively scheduled for Saturday, July 25, 2020 in accordance with the Oneida Nation Constitution.

Sincerely, Oneida Election Board

The following items were included with the Oneida Election Board's Primary Election Cancellation Notice:

- Report to COVID CORE TEAM, Regarding **Professional Assessment Duration of COVID19 Outbreak**, dated Thursday, April 16, 2020 (*which was dated thirty-eight (38) days prior to the Oneida Primary Election scheduled for Saturday, May 23, 2020*). They used it to justify their decision to cancel the Oneida Primary Election scheduled for Saturday, May 23, 2020
- Flyer – SaferAtHome YES, IT'S WORKING!
- MEMORANDUM to Oneida Business Committee, from Jo Anne House, Chief Counsel, dated April 22, 2020, Subject: Opinion – Constitutional Meetings; Elections – COVID-19 Pandemic
- BC Resolution # 05-06-20-A Extension of Declaration of Public Health State of Emergency Until June 11, 2020

Shortly after May 20, 2020, the Oneida Election Board sent out a flyer stating *NOTICE* 2020 PRIMARY ELECTION CANCELED and a *NOTICE* 2020 GENERAL ELECTION SCHEDULED FOR: Saturday, July 25, 2020 7 a.m. -7 p.m.

On or about June 10, 2020, the Oneida Business Committee took action to extend the Public Health State of Emergency Declaration for an additional 30 days beginning June 12, 2020, and ending at 11:59 p.m. on July 12, 2020.

On or about July 8, 2020, the Oneida Business Committee took action to extend the Public Health State of Emergency Declaration ending at 11:59 p.m. on August 11, 2020.

On or about June 24, 2020, the Oneida Business Committee adopted OBC Resolution # 06-24-20-B Adoption of Additional Emergency Amendments to the Election Law.

- The 12th WHEREAS states, *"the Oneida Election Board has requested emergency amendments to the Election law to address the impact of COVID-19 on the Nation"*.

- The 13th WHEREAS states, *"the proposed emergency amendment to the Law provides that elections shall be held at an Oneida Nation facility, as opposed to in an Oneida Nation facility, to allow the potential for outdoor, drive-through voting."*


On Monday, June 22, 2020, in a VIDEO – Oneida Nation (LIVE), CoVID-19 Update, Twylite Moore, Oneida Election Board Interim Chairwoman, stated [in part] the following (LINK - https://www.facebook.com/OneidaNationWI/videos/1594008057444933/ - **begins 3 minutes and 44 seconds into the video recording**):

"*The Oneida Election Board canceled the primary due to the CoVID-19 pandemic occurring and with the recusals of the Board and new appointments it was physically impossible for us to safely conduct a primary at that time. There was just not the PPE that we needed, we didn't have the ballots. There was a number of challenges that just made it physically impossible for us to conduct that primary. I believe that some of our officers, I mean board members took their oaths of office on Wednesday. There was an emergency meeting held that night, and another meeting held the next day with regard to that primary specifically. It was a very short, we literally had about 3 days to get the primary conducted if we were going to move forward with it. And it wasn't able to happen. So I want to assure the membership that we did that with great respect for the process and understanding how that was going to affect the election. Also there will be two (2) voting procedures requiring everyone to wear masks, both voters and Election Board. The Board has not determined hours for elders. There will be a 6ft to 10 ft distancing requirement. Drive through voters will be allowed. Election Board Members consist of the following:*

> ➤ *Twylite Moore, Interim Chair*
> ➤ *Margaret King, Interim Vice-Chair*
> ➤ *Patricia Moore, Secretary*
> ➤ *Steve Webster*
> ➤ *Lisa Duff*
> ➤ *Terry Thomas*
> ➤ *Kimberly Ninham*
> ➤ *William Cornelius*

Twylite Moore stated the Oneida Election Board considered mailed out/in ballots but declined due to time constraints and the approximate cost of $5,000 to mail the ballot to all eligible voters.

In addition to both real and perceived impropriety, Oneida Election Board Members are major Conflicts of Interest exist both internally within the Oneida Election Board and with Oneida General Election Candidates as follows:

> Twylite Moore, Oneida Election Board Interim Chairwoman, and Patricia Moore, Oneida Election Board Secretary, have an immediate familial relationship. Patricia is Twylite's mother. Twylite is Patricia's daughter.

> Margaret King (Francor), Oneida Election Board Interim Vice-Chairwoman, and current Oneida Business Committee Member and currently a candidate on the 2020 Oneida General Election ballot, Daniel Guzman have an immediate familial relationship. Daniel's mother Joyce is Margaret's older sister. Margaret is Daniel's aunt. Daniel is Margaret's nephew.

> Steve Webster is a former employee of the current Oneida Business Committee. Steve worked for the current Oneida Tribal Secretary Lisa M. Summers' office and the current Oneida Business Committee Members (Tehassi (Ronald) Hill for Chairman, Jr., Brandon Yellow-Bird Stevens for Vice-Chairman, Patricia ("Trish") Farmer-King for Tribal Secretary, and Jennifer McLester-Webster, David "Fleet" Jordan, Kirby Metoxen, Earnest Stevens III, and Daniel King-Guzman for the five (5) at-large council person positions, whom are all currently Oneida Business Committee candidates on the ballot. Lisa M. Summers is currently a candidate on the 2020 Oneida General Election ballot for

the Oneida Trust and Enrollment Committee. All current Oneida Business Committee Members are seeking re-election as candidates in the 2020 Oneida General Election.

➢ William Cornelius is the former attorney for the Oneida Gaming Commission. There is a vacancy open for the Oneida Gaming Commission. That vacancy will be filled via the outcome of Oneida General Election. Matthew W. Denny is a former Oneida Gaming Commission and currently a candidate for the Oneida Gaming Commission.

➢ William Cornelius is also a family member to current Oneida General Election candidates Tehassi (Ronald) Hill, Jr. for Oneida Tribal Chairman; Latsiklanunha (Lasti) Hill, Kirby Metoxen, and Cathy L. Metoxen, all of whom are running for the five (5) at-large Oneida Business Committee Council Person positions.

➢ William Cornelius is also a family member to current Oneida General Election candidate Layatalati Hill (Chief Trial Judge Candidate) and Diane R. Danforth-House (Court of Appeals Judge candidate), both of whom are on the election ballot for Oneida Judiciary positions.

➢ William Cornelius' grandmother Dellora R. Cornelius is on the Oneida General Election ballot as a candidate for the Oneida Nation Commission on Aging position.

The action of the Oneida Business Committee on Resolution 5-13-20-H, is emergency action to eliminate the requirement to hold a primary election while allowing those individuals who applied to be placed on the ballot for the general election as long as all eligibility requirements are met, will eliminate any unnecessary contact between individuals which could spread COVID-19, allegedly due to the COVID-19 pandemic and for health and safety reasons. However, the spread of the COVID-19 virus was nearly none existent within the Oneida Nation

of Wisconsin reservation boundaries before, close to and the day of the Primary Election scheduled to take place on Saturday, May 23, 2020, and they cancel the Primary Election. However, the spread of the COVID-19 virus was substantially existent and progressively getting worse within the Oneida Nation of Wisconsin reservation boundaries before, close to and the day of the General Election on Saturday, July 25, 2020, yet the Oneida Election Board did not cancel the General Election scheduled for Saturday, July 25, 2020. The Oneida Election Board did not seek emergency amendments to the Oneida Election Law from the Oneida Legislative Operating Committee and/or the Oneida Business Committee. Nor did the Oneida Election Board or the Oneida Business Committee seek any form of assistance or remedy through the Oneida Judiciary to change the date. Instead, they acted contrary to all of the reasons they allegedly canceled the Primary Election, allegedly in the name of protecting the health, safety and wellbeing of the Oneida people, community and employment sector - and held the General Election in the midst of the worst part of the COVID-19 pandemic for the Oneida Nation at that point in time. Therefore, the Plaintiffs assert the cancelling of the Primary Election was done maliciously, willfully, with ill-will and in bad faith, and to give themselves (the Oneida Business Committee) a greater and far more advantageous advantage over their competitors). The Oneida Business Committee, especially when they are all candidates in the election process, should not be involved in any actions that negatively impact the elections - especially when the results are swayed in their favor.

The Oneida Business Committee and the Oneida Election Board would like its Oneida people, the voters, and the world at large to believe they canceled the Oneida Primary Election due to the COVID-19 pandemic and for the health and safety of the voters and election workers. When in fact the Oneida Business Committee and Oneida Election Board conspired to defraud

and suppress the Oneida voters of their right to vote in the Primary Election as a means to reduce the number of candidates competing for three of the four Oneida Business Committee Officer positions and the five Oneida Business Committee At-Large positions in order to provide a fair and equitable opportunity for every challenging candidate to potentially win or turn over an incumbent seat.  BASED ON THEIR LOGIC …

THE INTENT WAS TO SUPPRESS THE VOTERS AND MAINTAIN STATUS QUO! The only way to rectify the matter and make all Oneida voters and candidates whole (as if the violations never happened) is to stop the swearing in, and hold a Primary Election,  followed by a General Election based upon the results of the Primary Election. Only two of the non-incumbents were elected.

If the COVID-19 pandemic was so serious the Oneida Nation would not have had its gas stations open to the public. If the COVID-19 pandemic was so serious that they had to cancel the Primary Election scheduled for Saturday, May 23, 2020, why did the Oneida Nation announce its reopening of its business to the public on May 20, 2020 - two days prior to the Primary Election. If the COVID-19 pandemic was so serious the Oneida Nation would not have reopened its gaming operations on May 26, 2020, three days after the Primary Election was scheduled to take place.

When in fact the rise of the case was two days before the General Election. The health and safety circumstances only worsened for the General Election held on Saturday, July 25, 2020, yet the General Election was not canceled. The did not exercise their ability and right to reschedule the cancel General Election. It was not for health and safety reasons. I was just a smoke screen to suppress the voters and control the outcome of the elections.

The Oneida General Tribal Council had set precedence regarding constitutional changes when they allowed the constitutionally mandated Annual GTC meeting to be rescheduled repeatedly due to weather conditions that threatened the health, safety and wellbeing of the GTC if they were to proceed as required by the constitution. Also the Oneida Election Board took it upon themselves to change the election date.

Linda S. Dallas