UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL T. DEBRASKA, et al.,

    Plaintiffs,

    v.                                                        Case No. 20-C-1321

ONEIDA BUSINESS COMMITTEE, et al.,

    Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

On August 27, 2020, Plaintiffs Michael T. Debraska, Nancy A. Dallas, Gladys D. Dallas, Linda S. Dallas, Nadine A. Dallas, Margaret R. Fermanich, Tkaaunak Green, Lisa M. Hill, Cathy L. Metoxen, and Dorothy A. Skenandore, enrolled members of the Oneida Nation, sued Defendants Oneida Business Committee, Oneida Election Board, and Oneida Tribe of Indians of Wisconsin for actions they took in relation to the 2020 Oneida Nation Primary Election. Defendants filed a motion to dismiss on September 24, 2020. Dkt. No. 10. To date, no response to the motion to dismiss has been filed and the time to do so has expired.

Plaintiffs' failure to respond to Defendants' motion to dismiss is itself grounds to grant the motion. *See* Civil L. R. 7(d) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the court to grant the motion."). In addition, under Civil Local Rule 41(c), "Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice." For these reasons, Defendants' motion to dismiss will be granted. Even on the merits, however, the result is the same.

Plaintiffs assert that Defendants violated their rights when Defendants canceled the 2020 Oneida Nation Primary Election during the COVID-19 pandemic. Even though the Primary

Election was canceled, the 2020 General Election still occurred. Plaintiffs claim that the cancelation of the 2020 Primary Election violated their rights under the Oneida Constitution; their rights under the First Amendment, Fourteenth Amendment, and Due Process Clause of the United States Constitution; and their rights under the Indian Civil Rights Act (ICRA). Plaintiffs assert their claims are actionable under 42 U.S.C. § 1983. Defendants assert the complaint must be dismissed for lack of federal jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of this court of the subject matter related in the complaint. Fed. R. Civ. P. 12(b)(1). The court accepts all well-pleaded factual allegations and draws reasonable inferences in favor of the plaintiff. *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017) (citation omitted). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Schaefer v. Transp. Media, Inc.*, 859 F.2d 1251, 1253 (7th Cir. 1988).

Defendants assert that the First and Fourteenth Amendments of the United States Constitution do not provide a basis for jurisdiction. The court agrees. "As separate sovereigns pre-existing the Constitution, tribes have historically been regarded as unconstrained by those constitutional provisions framed specifically as limitations on federal or state authority." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56 (1978). The Tenth Circuit was faced with the question of whether the First and Fourteenth Amendments apply to Indian tribes in *Native American Church of North America v. Navajo Tribal Council*, 272 F.2d 131 (10th Cir. 1959), and concluded they do not. The court explained that the First Amendment only "places limitations upon the action of Congress and of the States" and that "[no] provision in the Constitution makes the First Amendment applicable to Indian nations nor is there any law of Congress doing so." *Id.* at 134–

35. The court finds the Tenth Circuit's reasoning persuasive. The First and Fourteenth Amendments do not apply to the Nation and its officials. Therefore, the First and Fourteenth Amendments do not provide a basis for federal question jurisdiction.

The ICRA also does not provide a basis for federal jurisdiction. The ICRA imposes "certain restrictions upon tribal governments similar, but not identical, to those contained in the Bill of Rights and Fourteenth Amendment." *Santa Clara*, 436 U.S. at 57. The ICRA does not create a private cause of action to secure enforcement of these rights, except for habeas corpus to challenge the legality of a tribe's detention order. As the Supreme Court explained, "[c]reation of a federal cause of action for the enforcement of rights created in Title I [of the ICRA] . . . would be at odds with the congressional goal of protecting tribal self-government." *Id.* at 64. "Tribal courts have repeatedly been recognized as appropriate forums for the exclusive adjudication of disputes affecting important personal and property interests of both Indians and non-Indians" under the ICRA. *Id.* at 65. Plaintiffs are not seeking a writ of habeas corpus in this case. As a result, the ICRA does not provide a basis for federal question jurisdiction.

In addition, Plaintiffs cannot obtain relief under 42 U.S.C. § 1983. Section 1983 imposes civil liability on any person who, under color of state or territorial law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction [of the United States] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. The purpose of § 1983 is to "provide compensatory relief to those deprived of their federal rights by state actors." *Felder v. Casey*, 487 U.S. 131, 141 (1988). Plaintiffs allege that Defendants were acting under color of territorial law, but the Nation is not a territory organized under the laws of the United States. *See Cherokee Nation v. Georgia*, 30 U.S. 1, 17 (1831) ("The Supreme Court has defined Indian Tribes as 'domestic dependent nations.'").

"A § 1983 action is unavailable 'for persons alleging deprivation of constitutional rights under color of tribal law.'" *Burrell v. Armijo*, 456 F.3d 1159, 1174 (10th Cir. 2006) (quoting *R.J. Williams Co. v. Ft. Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983)). Defendants were acting under color of tribal law in deciding to cancel the primary election. Therefore, § 1983 does not provide a basis for federal jurisdiction.

Finally, the court lacks jurisdiction over Plaintiffs' claims based upon tribal law. *See Runs After v. United States*, 766 F.2d 347, 352 (8th Cir. 1985) (concluding resolution of disputes involving questions of interpretation of a tribal constitution and tribal law are not within the district court's jurisdiction). Any claims based on tribal law are within the jurisdiction of the tribal courts. *See Talton v. Mayes*, 163 U.S. 376, 385 (1896). Accordingly, Plaintiffs' claims under Oneida law do not provide a basis for federal jurisdiction. Plaintiffs have failed to establish a basis for federal jurisdiction in this case. For this reason as well, Plaintiffs' claims must be dismissed.

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss (Dkt. No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** with prejudice. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 22nd day of October, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge